ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR AN INTERPRETATION OF THE STATE LAWS AS THEY MIGHT AFFECT THE ELIGIBILITY OF A PERSON WHO DESIRES TO RUN FOR COUNTY SHERIFF, AND WHETHER SUCH A PERSON WOULD HAVE TO BE ELIGIBLE TO BELONG TO THE STATE POLICE PENSION AND RETIREMENT SYSTEM IN ORDER TO RUN FOR THAT OFFICE. HE HAS AUTHORIZED ME TO RESPOND O YOU THROUGH THIS INFORMAL LETTER.
YOU MENTION THE POSSIBLE IMPLICATION OF TWO NEW BILLS ADOPTED IN 1988 BY THE LEGISLATURE — HOUSE BILL NO. 1582 AND HOUSE BILL NO. 1588. HOUSE BILL NO. 1582 OF THE SECOND REGULAR SESSION OF THE FORTY-FIRST OKLAHOMA LEGISLATURE, OKLA. SESS. LAWS 1988, 321, PP. 1632-1683, IS A MULTI-PURPOSE BILL WITH REFERENCES TO SEVERAL DIFFERENT PUBLIC RETIREMENT PROGRAMS. REFERENCES TO THE POLICE PENSION AND RETIREMENT SYSTEM ARE FOUND AT SECTIONS 9 THROUGH 18 OF HB 1582. MY REVIEW OF THESE SECTIONS INDICATES THAT THERE ARE NO PROVISIONS INCLUDED WITHIN THAT BILL THAT HAVE ANY IMPACT UPON THE QUESTION THAT YOU RAISE IN YOUR LETTER.
HOUSE BILL NO. 1588 CAN BE FOUND AT OKLA. SESS. LAWS 1988, 267, PP. 1229-1273. LIKE HB 1582, IT IS A MULTIPURPOSE BILL ADDRESSING SEVERAL RETIREMENT PROGRAMS OF THE STATE. THE PROVISIONS REFERRING TO THE POLICE PENSION AND RETIREMENT SYSTEM ARE FOUND AT SECTIONS 6 THROUGH 15. UNDER SECTION 6 OF THIS BILL, CODIFIED NOW AT 11 O.S. 50-101 (1988), SEVERAL DEFINITIONS THAT ARE APPLICABLE TO THE RESOLUTION OF YOUR QUESTION ARE IMPORTANT TO NOTE. HOWEVER, NONE OF THESE DEFINITIONS WERE CHANGED IN THE 1988 AMENDMENTS TO THIS SECTION. THOSE DEFINITIONS ARE:
"SECTION 50-101. AS USED IN THIS ARTICLE:
* * * * *
 6. "OFFICER" MEANS ANY DULY APPOINTED AND SWORN FULL-TIME OFFICER OF THE REGULAR POLICE DEPARTMENT OF A MUNICIPALITY WHOSE DUTIES ARE TO PRESERVE THE PUBLIC PEACE, PROTECT LIFE AND PROPERTY, PREVENT CRIME, SERVE WARRANTS, ENFORCE ALL LAWS AND MUNICIPAL ORDINANCES OF THIS STATE, AND ANY POLITICAL SUBDIVISION THEREOF, AND WHO IS AUTHORIZED TO BEAR ARMS IN THE EXECUTION OF SUCH DUTIES;
 7. "MEMBER" MEANS ALL ELIGIBLE OFFICERS OF A PARTICIPATING MUNICIPALITY; SECTION 10, AMENDING 11 O.S. 50-112, AND CODIFIED NOW AT 11 O.S. 50-112(A), STATES:
 "SECTION 50-112. A. ALL PERSONS EMPLOYED AS OFFICERS SHALL PARTICIPATE IN THE SYSTEM UPON INITIAL EMPLOYMENT WITH A POLICE DEPARTMENT OF A PARTICIPATING MUNICIPALITY, PROVIDED SUCH PERSONS ARE
 * OF GOOD MORAL CHARACTER, NOT ADDICTED TO THE USE OF ALCOHOL OR DRUGS, FREE FROM
 * DEFORMITIES, MENTAL OR PHYSICAL DEFECTS OR CONDITIONS OR DISEASE THAT WOULD INTERFERE WITH THE PERFORMANCE OF REGULAR POLICE DUTIES, AND PROVIDED FURTHER THAT A PERSON EMPLOYED AS A POLICE OFFICER FIRST PASS THE REQUIREMENTS OF A PHYSICAL-MEDICAL EXAMINATION PERTAINING TO AGE, HEIGHT, WEIGHT, SIGHT, HEARING, AGILITY AND OTHER CONDITIONS THE REQUIREMENT OF WHICH ARE ESTABLISHED BY THE STATE BOARD. EXCEPT AS PROVIDED FOR IN SUBSECTION B OF THIS SECTION, A POLICE OFFICER SHALL NOT BE LESS THAN TWENTY-ONE (21) NOR MORE THAN THIRTY-FIVE (35) YEARS OF AGE WHEN ACCEPTED FOR INITIAL MEMBERSHIP WITH ANY PARTICIPATING MUNICIPALITY IN THE SYSTEM. AN OFFICER SHALL BE REQUIRED TO MEET THE REQUIREMENTS OF THIS ARTICLE AT THE TIME OF INITIAL EMPLOYMENT WITH ANY PARTICIPATING MUNICIPALITY. THE STATE BOARD SHALL HAVE AUTHORITY TO DENY OR REVOKE MEMBERSHIP OF ANY PERSON SUBMITTING FALSE INFORMATION IN SUCH PERSON'S MEMBERSHIP APPLICATION. THE STATE BOARD SHALL HAVE FINAL AUTHORITY IN DETERMINING ELIGIBILITY FOR MEMBERSHIP IN THE SYSTEM, PURSUANT TO THE PROVISIONS OF THIS ARTICLE."
(EMPHASIS ADDED)
THE PROVISIONS OF SUBSECTION (B) OF THIS STATUTE HAVE NO RELEVANCE TO THE QUESTION THAT YOU HAVE POSED. THE LANGUAGE EMPHASIZED ABOVE IN 11 O.S. 50-112 REGARDING THE REQUIREMENT THAT ALL OFFICERS BECOME MEMBERS OF THE SYSTEM AT THE TIME OF THEIR INITIAL EMPLOYMENT BY A PARTICIPATING MUNICIPALITY WAS ALTERED IN 1988. THE PRIOR LANGUAGE STATED THAT OFFICERS WOULD BE REQUIRED TO MEET THE REQUIREMENTS OF THE ARTICLE AT THE TIME OF INITIAL EMPLOYMENT WITH ANY PARTICIPATING MUNICIPALITY "IN ORDER TO QUALIFY FOR MEMBERSHIP." 11 O.S. 50-112 (1981). ARGUABLY, THIS OLD LANGUAGE PROVIDED FOR A DISTINCTION BETWEEN THE REQUIREMENTS OF STATE LAW DIRECTED TOWARD POLICE OFFICERS WHO ARE MEMBERS OF THE POLICE PENSION AND RETIREMENT SYSTEM AND FIREFIGHTERS WHO ARE MEMBERS OF THE FIREFIGHTERS RETIREMENT AND PENSION SYSTEM.
IT WAS ADVISED SEVERAL YEARS AGO, IN ATTORNEY GENERAL OPINION NO. 82-024, THAT FIREFIGHTERS WERE LEGALLY REQUIRED TO BELONG TO THE STATE FIREFIGHTERS RETIREMENT AND PENSION SYSTEM IN ORDER TO BE EMPLOYED AS PAID FIREFIGHTERS BY A MUNICIPALITY. THE POLICE PENSION STATUTES IN EFFECT AT THE TIME, HAVING THE LANGUAGE REFERRED TO ABOVE, ARGUABLY HAD A DIFFERENT RULE. ONE WAS REQUIRED TO APPLY TO THE SYSTEM FOR MEMBERSHIP AT THE TIME OF EMPLOYMENT, BUT IF THE PERSON COULD NOT QUALIFY, HE OR SHE COULD STILL BE A POLICE OFFICER SO LONG AS ALL OTHER APPLICABLE LICENSURE REQUIREMENTS, SUCH AS THOSE OF THE COUNCIL FOR LAW ENFORCEMENT EDUCATION AND TRAINING, COULD BE SATISFIED BY THE PERSON.
THE LANGUAGE OF SECTION 11 O.S. 50-112 HAS NOW BEEN ALTERED TO CONFORM MORE CLOSELY TO THAT PREVIOUSLY EXAMINED IN A.G. OP. 82-024. AS OF THIS TIME, ANY POLICE OFFICER DESIRING TO BE EMPLOYED BY ANY PARTICIPATING MUNICIPALITY MUST ALSO BE ABLE TO SATISFY THE MEMBERSHIP REQUIREMENTS OF PERSONS BELONGING TO THE POLICE PENSION AND RETIREMENT SYSTEM. IT WOULD NOT BE REQUIRED THAT A PERSON BE A MEMBER OF THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM IN ORDER TO RUN FOR THE POST OF CHIEF OF POLICE OF A MUNICIPALITY. HOWEVER, IN ORDER FOR THAT PERSON TO SERVE AS A POLICE OFFICER, WHICH MUNICIPAL CHIEFS OF POLICE ARE STATUTORILY DESIGNATED AS BEING UNDER 11 O.S. 34-102 (1981), THAT PERSON WOULD NOW HAVE TO BE ABLE TO QUALIFY FOR MEMBERSHIP IN THE STATE POLICE PENSION AND RETIREMENT SYSTEM.
(MICHAEL SCOTT FERN)